AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | |
| MIGUEL RODRIGUEZ, | ) | Case No. 8:25-MJ-011 (GLF) |
| | ) | |
| Defendant | ) | |

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
JAN 2 3 2025
AT_____ O'CLOCK_____
John M. Domurad, Clerk - Plattsburgh

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of January 20, 2025 in the county of St. Lawrence in the Northern District of New York the defendant violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 758 | The defendant, Miguel Rodriguez, fled and evaded a checkpoint operated by a Federal law enforcement agency in a motor vehicle in excess of the legal speed limit |

This criminal complaint is based on these facts:
Click here to enter text.

☒   Continued on the attached sheet.

_____
Complainant's signature
SA Sean Carty, HSI BEST
Printed name and title

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: JAN. 23, 2025

_____
Judge's signature

City and State:   Plattsburgh, New York        Hon. Gary L. Favro, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Sean Carty, having been first duly sworn, do hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a criminal complaint charging Miguel RODRIGUEZ ("RODRIGUEZ") with high speed flight from an immigration checkpoint, Title 18, United States Code, Section 758.

2. I am a Special Agent employed by the Department of Homeland Security, Homeland Security Investigations ("HSI"). As such, I am an "investigative or law enforcement officer" of the United States empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 18, United States Code, Chapter 63. I have been a Special Agent with HSI since November 2022. I am currently assigned to the HSI Border Enforcement Security Task Force (BEST) located at the Massena US Port of Entry where I have participated in investigations of individuals suspected of violating immigrations and customs laws including Title 18, United States Code, Section 758. Additionally, I have received formal training in immigrations and customs laws at the Federal Law Enforcement Training Center located in Glynco, GA.

3. The statements contained in this affidavit are based upon my investigation, information provided to me by other law enforcement officers, and on my experience and training as an HSI Special Agent. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included every fact known to me concerning this investigation. Rather, I have set forth only the facts that I believe are necessary to establish probable cause to believe that RODRIGUEZ has violated Title 18, United States Code, Section 758.

## FACTS ESTABLISHING PROBABLE CAUSE

4.  On January 20, 2025, a red Infinity sedan bearing a New Jersey license plate (hereinafter referred to as the "TARGET VEHICLE") arrived from Canada to the US Customs Port of Entry (hereinafter "POE") in Ogdensburg, NY. The POE is operated by the United States Customs and Border Protection (hereinafter "CBP"). Upon approaching primary lane #2 at the POE, the TARGET VEHICLE pulled up to the inspection booth without stopping and then sped away. The CBP Officer assigned to primary lane #2 exited the booth and yelled at the operator of the TARGET VEHICLE to stop. The incident was captured on surveillance video, which shows the TARGET VEHICLE picking up significant speed and hopping a speed bump located just south of the inspection booth and continuing to travel southbound into the US, therefore failing to report for inspection.

5.  The posted speed limit at the POE is 25 miles per hour (mph). Pursuant to 41 C.F.R. § 102-74.430(c), all drivers on federal property, such as the Port of Entry, "must comply with all posted traffic signs." Your affiant requested that Ogdensburg CBP Officers calculate a speed from electronic surveillance video captured of the TARGET VEHICLE. Using the video, CBP officers calculated the rate of speed by measuring an approximate 100-foot distance between the edge of the concrete pad near the exit booth to an electronic sign located in the median. CBP officers observed that it took approximately 0.81 seconds to travel that distance. That means the TARGET VEHICLE traveled approximately 123 feet per second. Converting feet per second to miles per hour shows the TARGET VEHICLE traveled approximately 84 mph on CBP property, in excess of the posted 25 mph speed limit.

6.  A short time later, a St. Lawrence County Sheriff's Deputy identified the TARGET

2

VEHICLE traveling in the city of Ogdensburg and attempted to initiate a traffic stop. The TARGET VEHICLE failed to comply with the traffic stop and a pursuit by law enforcement began. Shortly thereafter, the TARGET VEHICLE struck a blue pickup truck that was occupied by three individuals and subsequently crashed into a residence on New York Avenue in Ogdensburg. At the time of the crash, RODRIGUEZ was operating the TARGET VEHICLE, which also contained two female passengers. Subsequent records checks on the TARGET VEHICLE's identification number indicated that it was reported stolen out of Connecticut and the license plate was reported stolen out of New Jersey. A search warrant for the TARGET VEHICLE was obtained by St Lawrence County Sheriff's Office, authorized by the Honorable Judge Marcia Lemay of Ogdensburg City Court. A search of the TARGET VEHICLE by law enforcement revealed a "billy" cub and a twelve round handgun magazine containing four 9mm bullets.

7.   HSI interviewed RODRIGUEZ and administered his *Miranda* Rights. RODRIGUEZ acknowledged both verbally and in writing that he understood his rights and agreed to speak with law enforcement. During the interview, RODRIGUEZ admitted to entering the US from Canada operating the TARGET VEHICLE and admitted to failing to stop for inspection at the US Port of Entry in Ogdensburg, NY. RODRIGUEZ admitted to knowledge of the twelve round 9mm magazine, stating that it belonged to a friend and that he concealed it within the TARGET VEHICLE.

8.   RODRIGUEZ consented to a law enforcement search of his iPhone and provided HSI with the passcode. On RODRIGUEZ's iPhone, agents found an approximate 54 second video from January 20, 2025, taken from the perspective of a driver in the interior of a vehicle matching the description of the TARGET VEHICLE, approaching a Canadian customs inspection station.[1]

---

[1] HSI confirmed with Canada Border Services Agency in Lansdowne, ON that on the morning of January 20, 2025

During the interview, RODRIGUEZ admitted to fleeing inspection at a Canadian customs inspection station on January 20, 2025 prior to failing to report to the US Customs Port of Entry in Ogdensburg, NY. Another video observed on RODRIGUEZ's iPhone taken on January 20, 2025, timestamped shortly after the TARGET VEHICLE fled US inspection, depicts RODRIGUEZ standing next to the TARGET VEHICLE and stating, "we got into some little few things Ima tell you about that shit later."

## CONCLUSION

9. Based upon the above information, there is probable cause to establish that Miguel RODRIGUEZ has violated Title 18, United States Code, Section 758, high speed flight from immigration checkpoint.

Sean Carty
Special Agent
Homeland Security Investigations

Sworn to and subscribed to before me this 23rd day of January 2025.

Hon. Gary L. Favro
United States Magistrate Judge

---

(prior to fleeing inspection at the Ogdensburg POE), a male matching the description of RODRIGUEZ, operating the TARGET VEHICLE approached an inspection lane and fled inspection upon arrival to Canada.

4